UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

HOLMAN RODRIGUEZ
2147 South Layton Boulevard
Milwaukee, WI 53215

      Plaintiff,

      v.                                      Case No:  20-CV-1143

USF HOLLAND FREIGHT,
a wholly owned subsidiary of
YRC WORLDWIDE, INC.
10990 Roe Avenue
Overland Park, KS 66211

      Defendant.

---

## COMPLAINT

---

COMES NOW the Plaintiff, Holman Rodriguez, by his counsel, HEINS EMPLOYMENT LAW PRACTICE LLC, by Attorney Janet L. Heins, as and for a claim against the Defendant, and alleges and shows to the court as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question under the Family and Medical Leave Act ("FMLA"), as amended, 29 U.S.C. § 2601, *et seq.*

2.    The unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin, and therefore venue is proper in this District pursuant to 28

U.S.C. § 1391(b).

**PLAINTIFF**

3.     Plaintiff, Holman Rodriguez, is an adult male resident of the State of Wisconsin residing in Milwaukee County with a post office address of 2147 South Layton Boulevard, Milwaukee, WI 53215

4.     At all times material herein, Mr. Rodriguez was a covered employee for purposes of the Family Medical Leave Act.

5.     During Mr. Rodriguez's employment, he was not a "key employee" as defined under the FMLA.

6.     At all times material herein, Mr. Rodriguez was employed by Defendant for at least 12 months prior to termination and had performed at least 1,250 hours of employment service with Defendant prior to his termination.

7.     Mr. Rodriguez began working for the Defendant full-time on or about August 26, 2013 as a city driver and dock worker at the Milwaukee Terminal of Defendant.

**DEFENDANT**

8.     Defendant, USF Holland Freight, a wholly owned subsidiary of YRC Worldwide, Inc., is a foreign corporation doing business in interstate commerce, with a principal office address of 10990 Roe Avenue, Overland Park, KS 55211. Plaintiff worked at the Milwaukee location of USF Holland Freight, located at 6161 South Sixth Street, Milwaukee, WI 53221.

9.     At all times material herein, Defendant employed at least 50 employees within a 75 mile radius of plaintiff's work site(s).

## FACTS

10. Defendant's legally mandated FMLA poster was in a corner of Defendant's room and covered by coats, not ordinarily visible to employees.

11. Plaintiff previously took two weeks of continuous FMLA leave from Defendant in 2017 following surgery. He submitted an FMLA certification from his doctor at that time, which Defendant approved for continuous FMLA leave.

12. On or about October 1 and 2, 2018, Plaintiff was absent from work and received a verbal warning for attendance because Defendant marked the absence as unexcused.

13. On or about October 16, 2018, Plaintiff left work early, after notifying his supervisor, to see a doctor, who diagnosed him with pneumonia and sent him to the local emergency room and a chest x-ray showed evidence of pneumonia.

14. Defendant marked Plaintiff's October 16, 2018 early departure from work as unexcused under Defendant's progressive discipline policy.

15. Plaintiff visited the Ascension Columbia St. Mary's Hospital Emergency Room late in the evening of October 16, 2018, where he was given a CT scan, diagnosed with pneumonia and tachycardia, and prescribed antibiotics to treat his pneumonia.

16. After being discharged from the emergency room early the next day, Plaintiff called his supervisor to tell him he had pneumonia and would be off work 3-4 days for it. He later dropped off his doctor's note with Defendant's receptionist.

17. Plaintiff was off work with pneumonia from October 16-18, 2018, for which he received a warning letter under Defendant's progressive discipline policy.

18. Plaintiff returned to work early because he feared losing his job.

19. Defendant knew or should have known that Plaintiff was eligible to take FMLA

leave for his pneumonia absences, *inter alia*, but Defendant never advised Plaintiff that he was eligible for FMLA leave for his early departure on October 16, 2018 or his absence from October 16-18, 2018.

20. On or about November 19, 2018, Plaintiff was absent from work. Defendant marked this absence as unexcused, for which Plaintiff received a one-day unpaid suspension under Defendant's progressive discipline policy.

21. On or about November 26, 2018, Plaintiff was absent from work. Defendant marked this absence as unexcused, for which he received a three-day unpaid suspension under Defendant's progressive discipline policy.

22. On or about January 2, 2019, Plaintiff was absent from work. Defendant marked this absence as unexcused, for which he was terminated under Defendant's progressive discipline policy.

23. Defendant noted that Plaintiff was "terminated for absenteeism per National Uniform Attendance."

24. But for Plaintiff's pneumonia-related absences for which he should have received FMLA leave, Plaintiff would not have been terminated from Defendant.

**CLAIM FOR RELIEF – FMLA INTERFERENCE**

25. Plaintiff realleges and incorporates paragraphs 1-24 of this complaint by reference.

26. By refusing to provide Plaintiff with the appropriate paperwork to request FMLA leave from work after being notified of his serious health condition, Defendant interfered with Plaintiff's rights under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §

2601, *et seq.*, in intentional and/or reckless disregard of his federally protected rights.

27. As a result of Defendant's intentional violation of the FMLA, Plaintiff has suffered damages in the form of lost wages and other employment benefits and insurance.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing appropriate back pay, front pay, pre-judgment and post-judgment interest, liquidated damages, and reimbursement for other benefits and expenses in an amount to be shown at trial;

2. Grant to Plaintiff his attorneys' fees, costs and disbursements as provided by 29 U.S.C. § 2617(3) and all other applicable statutes and provisions; and

3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

Dated this 27th day of July, 2020.

                                            HEINS EMPLOYMENT LAW PRACTICE LLC
                                            Counsel for the Plaintiff

                                            By:__*s/ Janet L. Heins*_____
                                              Janet L. Heins, State Bar No. 1000677

HEINS EMPLOYMENT LAW PRACTICE LLC
200 South Executive Drive, Suite 101
Brookfield, WI 53005
(262) 241-8444 voice
e-mail: jheins@heinslawoffice.com